Filed 3/9/22  P. v. Pineda CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SERGIO ZARATE PINEDA, <br><br> Defendant and Appellant. | F081340 <br><br> (Fresno Super. Ct. No. CF97603147) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## **INTRODUCTION**

In 1999, appellant Sergio Zarate Pineda[1] pleaded no contest in two different cases to second degree murder and narcotics offenses pursuant to a negotiated disposition; he was sentenced to 15 years to life. He did not file appeals from his pleas or the sentence. In 2020, he filed a petition for resentencing in both cases pursuant to Penal Code[2] sections 1016.8 and 1170, subdivision (d), and claimed he was not advised and did not understand his constitutional rights or that he would receive a life sentence. The superior court denied the petition.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On December 24, 1997, an information was filed in the Superior Court of Fresno County case No. CF97603147-0, charging appellant with count 1, the murder of Jesus Palomino on December 22, 1991 (§ 187), with an enhancement for personal use of a firearm (§ 12022.5, subd. (a)) and a prior prison term enhancement (§ 667.5, subd. (b)).

A preliminary hearing was conducted, and appellant was held to answer.

The record reflects that appellant also had a separate matter pending against him, in case no. No. CF98603146-2, where he was charged with multiple narcotics offenses.

### **Plea Hearing**

On October 21, 1999, the court convened a hearing for negotiated dispositions in two pending cases. Appellant was present with counsel and an interpreter.

---

[1] Appellant's name appears in various ways throughout the record. The information and notice of appeal use the name "Sergio Zarate Pineda." We will do the same.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

In case No. CF97603147-0, the court granted the prosecution's motion to amend the charge to second degree murder (§ 187, subd. (a)). Thereafter, appellant pleaded no contest to second degree murder and admitted the personal use of a firearm (§ 12022.5, subd. (a)(1)), pursuant to a negotiated disposition for 15 years to life plus five years. The parties stipulated to the preliminary hearing as the factual basis for the plea.

In case No. CF98603146-2, appellant pleaded no contest to count 2, manufacturing a controlled substance (Health & Saf. Code, § 11379.6, subd. (a)) and admitted a quantity enhancement under Health and Safety Code section 11379.8, subdivision (a)(1), for a negotiated disposition of eight years.

The court advised appellant of his constitutional rights to a jury trial, to confront and cross-examine witnesses, and his privilege against self-incrimination. Appellant stated that he understood and waived his rights.

Appellant signed a change of plea form with the terms of the negotiated disposition, that stated he read and understood the terms of the agreement of his plea to second degree murder, and he would be sentenced to 15 years to life in prison. The form had a signed statement from an interpreter indicating she had translated the contents, and appellant said he understood.

The court asked appellant if he understood what he was doing and the consequences of his plea; if he understood the contents of the change of plea form with the assistance of an interpreter; and if he had any questions about the pleas or the consequences. Appellant said he understood, he signed and understood the change of plea form, and he did not have any questions.

The court granted the prosecution's motion to dismiss the remaining charges.

**Sentencing Hearing**

On December 10, 1999, the court held the sentencing hearing. Appellant was present with counsel and an interpreter.

Defense counsel stated that he spoke with appellant the previous day through the interpreter, and it was apparent "he was a little upset, and I trust some of his anger has gone away," and it was "brought to my attention that perhaps I had not exhausted all avenues of investigation." Counsel said he explained to appellant that his new information "did not appear to be credible under the circumstances."

Defense counsel further stated that he advised appellant that the court would consider any request to set aside the plea "as not only foolish, but probably inappropriate," and appellant felt he had been poorly represented. Counsel said he advised appellant of his appellate rights. Counsel again stated that he reviewed appellant's file again, and he did not know "that there's anything I could have done from an investigative standpoint, from my personal involvement in the case, that could have changed things as far as the way I evaluated the case."

> "[Appellant's] overall exposure and the potential risk of a murder one conviction with the enhancements, including prison priors and the potential consecutive sentences that would be imposed in aggravation for the additional drug case, were sufficient to convince me that this was a decent and honorable disposition that may result in a much earlier release from prison that he otherwise would have been entitled to under the circumstances."

Appellant addressed the court and confirmed the accuracy of his conversation with defense counsel, and stated he was prepared to go forward with his sentencing.

The prosecutor stated she would stand by the plea agreement, and defense counsel was correct that appellant's potential liability "would have probably exceeded 40 years to life absent this plea agreement."

The court stated:

> "As I also recall … , I think the record should reflect when the matter was assigned to this Court for trial, it was trailed several days for the purpose of additional investigation that was conducted between counsel before the entry of the plea. So that further satisfies the Court that [defense counsel] exhausted everything he could with respect to the status of the

case prior to the entry of the plea. I remember we had extensive discussions about when the case should go forward and the status at that time, and I accommodated all counsel in terms of trailing the case for several days for that to continue to be looked into by counsel. And I thought the record should also reflect that as well."

In case No. CF97603147-0, the court sentenced the defendant to 15 years to life for second degree murder, plus a consecutive term of five years for the section 12022.5 enhancement.

In case No. CF980603146-2, the court sentenced appellant to the midterm of five years for count 2, manufacturing a controlled substance (Health & Saf. Code, § 11379.6, subd. (a)), plus a consecutive term of three years for a quantity enhancement (Health & Saf. Code, § 11379.8, subd. (a)(1)). Pursuant to the terms of the negotiated disposition, the court ordered the sentences in the two cases to be served concurrently with each other.

Appellant did not waive his right to file an appeal as part of the plea agreements, and he did not file notices of appeal in either case.

## APPELLANT'S PETITION FOR RESENTENCING

The instant appeal is from the superior court's denial of appellant's petition, filed on March 12, 2020, in pro. per., for resentencing in case Nos. CF97603147-0 and CF98603146-2. Appellant filed the request under the name of "Javier Soto" and alleged he was entitled to resentencing pursuant to sections 1016.8 and 1170, subdivision (d).

Appellant's petition asserted his pleas were not knowing, intelligent, and voluntary because defense counsel made certain claims to coerce him to agree to the plea bargain; that as a Spanish-speaking person, he did not understand the meaning of a "life" term as it was used in the plea agreement or discussed at the plea hearing; the interpreter never mentioned a "life" sentence; and the record was allegedly "silent" to show he was advised of, and gave a knowing and intelligent waiver of his constitutional rights as required by *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.

5.

Appellant argued that section 1016.8 prevented the court from enforcing the plea agreement, and he should be resentenced.

In support of his request, appellant submitted documentary exhibits consisting of the change of plea form; the transcript for the October 21, 1999, plea hearing, where he pleaded no contest to murder; the transcript of the December 10, 1999 sentencing hearing; the probation report prepared for his sentencing hearing;[3] unfiled declarations dated in 2002, apparently relating to a motion to withdraw his plea, alleging his attorney never explained the consequences of his plea and said he would only serve a little time; an unfiled declaration from the attorney who apparently filed the motion to withdraw his plea, that appellant said his defense attorney never explained the plea agreement; and part of the 2002 motion to withdraw his plea.

On April 8, 2020, appellant sent a letter to the superior court asking whether his petition for resentencing had been filed and acknowledging that he had filed it using the name Javier Soto rather than his "convicted name" of Sergio Zarate Pineda.

On April 15, 2020, appellant refiled, in pro. per., the entirety of his petition for resentencing and exhibits, using the name Sergio Zarate Pineda.

**Denial of Motion for Resentencing**

On June 1, 2020, the superior court filed an order that denied appellant's petition for resentencing. The court first noted that appellant went by several aliases, and that he was in the custody of the Department of Corrections and Rehabilitation as Javier Soto.

Next, the court noted that appellant's petition was filed using the case numbers for both his murder and drug convictions, but it appeared he was only requesting

---

[3] The probation report submitted by appellant included a factual statement about the murder charge, based on the preliminary hearing evidence that the parties stipulated to as the factual basis for his murder plea – that on December 22, 1991, witnesses saw defendant shoot and kill Jesus Palomino when he leaned over the patio fence at an apartment complex and fired multiple gunshots. Appellant disappeared after the murder and was not taken into custody until 1997, when he was arrested on narcotics charges.

6.

resentencing on the murder conviction based on the allegation that his plea was not knowing, intelligent, and voluntary because he did not understand what the word "life" meant.

The court held it no longer had jurisdiction to resentence appellant under section 1170, subdivision (d)(1), because that jurisdiction expired 120 days after he was originally sentenced in 1999.

The court acknowledged that section 1016.8 went into effective on January 1, 2020, but it did not provide a procedure where appellant could challenge "now long ago final convictions." "It is instead a statement of the public policy of this state regarding plea bargains. Specifically, it declares that plea bargains that require a defendant to waive the ameliorative benefits of future legislation 'that may retroactively apply' after the plea has been entered are void as against public policy. However, the statute does not provide a substantive right to challenge long final plea agreements and does not confer any jurisdiction in this Court by which it can consider [appellant's] 'request.' "

## DISCUSSION

On June 15, 2020, appellant filed a notice of appeal from the court's order of June 1, 2020.[4]

---

[4] The record contains an "opposition" filed by the district attorney's office, on July 12, 2019, in case No. CF97603147-0 (the murder conviction). According to the prosecutor's supporting declaration, his office received a section 1170.95 petition from appellant alleging he was entitled to resentencing for second degree murder because he was prosecuted under the felony murder and/or natural and probable consequences doctrine. The prosecutor's declaration stated that such a petition had not been filed in the superior court. To the extent necessary, the prosecutor argued appellant was ineligible for relief because he was the actual killer, based on a summary of the preliminary hearing evidence. The prosecution also argued Senate Bill No. 1437 (2017–2018 Reg. Sess.) was unconstitutional. The instant record does not show that appellant filed a section 1170.95 petition with the superior court or contain an order addressing such a petition, and appellant's notice of appeal was limited to the court's denial of his motion for resentencing filed on June 1, 2020.

On September 18, 2020, appellant filed a motion to consolidate this case with the pending appeal in case No. F081338.  On September 24, 2020, this court denied the motion.

As noted above, appellant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on October 20, 2020, we invited appellant to submit additional briefing.  He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[5]

## DISPOSITION

The judgment is affirmed.

---

[5] The trial court properly denied appellant's petition for resentencing.  Effective January 1, 2020, the Legislature enacted section 1016.8, that declares a plea "is not knowing and intelligent" if the bargain requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea.  (§ 1016.8, subd. (a)(4).)  Under this new law, "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."  (*Id.,* subd. (b); *People v. Barton* (2020) 52 Cal.App.5th 1145, 1152.)

Appellant did not waive unknown future benefits of legislative enactments or initiatives, and his petition for resentencing did not allege that he was entitled to the benefits of any subsequent changes in the law.